# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CLARA JORDAN, on behalf of decedent CHARLES JORDAN,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**BECTON, DICKINSON AND COMPANY**,<br><br>　　　　　Defendant. | **Civil Action**<br><br>**File No.: 1:21-CV-05052-WMR** |
| **TERESA COOPER, on behalf of decedent GREGORY COOPER,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**BECTON, DICKINSON AND COMPANY**,<br><br>　　　　　Defendant. | **Civil Action**<br><br>**File No.: 1:21-CV-05050-WMR** |
| **LINDA ANTHONY, on behalf of decedent ARTHUR ANTHONY,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**BECTON, DICKINSON AND COMPANY**,<br><br>　　　　　Defendant. | **Civil Action**<br><br>**File No.: 1:21-CV-05051-WMR** |

# **JOINT STATUS REPORT**

Pursuant to the Court's August 19, 2022 Orders in the above-captioned cases, the Parties submit the following status report, providing a summary of their discovery efforts to date.

As an initial matter, Plaintiffs wish to apologize to the Court for the Parties' unavailability for a phone conference at the Court's requested time on August 19, 2022. For their part, Plaintiffs' counsel, Mr. Ovca, was out of the office attending his sister's wedding and did not immediately see the Court's outreaches, and Mr. Bailey and Mr. Richman were unfortunately in meetings at that time. Plaintiffs sincerely regret any inconvenience these scheduling issues caused the Court and wish to express their commitment to promptly addressing the Court's questions about the Stipulated Motion to Extend Case Deadlines.

### A.    **Written Discovery**

Following the Court's January 25, 2022 scheduling order, the Parties timely exchanged their initial disclosures on February 7, 2022.[1] On February 18, 2022, Defendant served their First Set of Requests for Production of Documents and First Set of Interrogatories on each Plaintiff, which included twenty-two (22) document requests and sixteen (16) interrogatories, respectively, including a full set of

---

[1] True and correct copies of the Parties' respective initial disclosures are attached hereto as **Exhibit A**.

authorizations to facilitate timely collection of records from third parties.[2] On April 1, 2022, Plaintiffs Cooper and Jordan[3] responded to Defendant's First Set of Requests for Production and First Set of Interrogatories and also made their first document production.[4] That same day—April 1, 2022—Plaintiffs served their First Set of Requests for Production and First Set of Interrogatories on Defendant, which included sixty-one (61) document requests and seventeen (17) interrogatories, respectively.[5]

On April 22, 2022 and June 14, 2022, the Parties conferred regarding the ESI protocol and the status of Defendant's efforts to identify relevant custodians and documents, and whether search terms or Technology Assisted Review would be necessary.

On April 21, 2022, Defendant, pursuant to Fed. R. Civ. P. 37(a)(2)(A)(B), sent a deficiency letter to Plaintiffs Cooper and Jordan.[6] On May 9, 2022, the Parties met and conferred regarding the same, and Plaintiffs committed to continue

---

[2] True and accurate copies of the Defendant's First Set of Requests for Production and First Set of Interrogatories are attached hereto as **Exhibit B**.

[3] Plaintiff Anthony passed away shortly before responses to discovery requests were due. Therefore, the Parties agreed to temporarily pause case-specific discovery as to Plaintiff Anthony until a new plaintiff could be substituted. That process remains ongoing, and therefore, no case-specific discovery as to Plaintiff Anthony has proceeded.

[4] True and accurate copies of Plaintiffs' responses to Defendant's First Set of Requests for Production and First Set of Interrogatories are attached hereto as **Exhibit C**.

[5] True and accurate copies of Plaintiffs' First Set of Requests for Production and First Set of Interrogatories are attached hereto as **Exhibit D**.

[6] True and accurate copies of each deficiency letter are attached hereto as **Exhibit E**.

providing executed medical records releases and to provide certain additional information regarding their interrogatory responses. Since this time, and as recently as August 19, 2022, Plaintiffs' counsel has received notifications from Medical Research Consultants indicating that additional medical records have been made available in these cases.

On May 19, 2022, Defendant responded to Plaintiffs' First Sets of Requests for Production and First Sets of Interrogatories.[7] On June 22, 2022, Defendant made their first production of documents, which included 5,703 documents spanning approximately 45,000 pages. Since then, Plaintiffs have worked diligently to digest these materials in order to (i) provide their experts with documents and information that are relevant to their reports, and (ii) identify deficiencies, including whether any additional requests to Defendant, and potentially subpoenas to third parties, are necessary.

On August 22, 2022, Defendant made their second production of documents which included approximately 50,000 pages of materials. Because this production was made on Monday of this week, Plaintiffs are still processing and cataloguing the materials contained in the production. Once this initial processing is complete,

---

[7] True and accurate copies of Defendant's responses to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production are attached hereto as **Exhibit F**.

as with Defendant's June 22, 2022 document production, Plaintiffs intend to promptly provide their experts with relevant documents and identify deficiencies in the production, including whether any additional requests to Defendant or third parties are necessary.

### B. Third-Party Discovery

The Parties have been working cooperatively to obtain records from medical facilities that have information related to the Decedents' cancer diagnoses and broader medical history. This has included Plaintiffs' execution of medical records authorization forms and ongoing efforts to retrieve medical records using these authorization forms. These records have been made available to the Parties on a rolling basis, including as recently as on August 19, 2022. The Parties, using a third-party vendor, have made significant progress toward collecting Decedents Cooper and Jordan's records and continue to meet and confer in good faith to address deficiencies and secure any remaining proprietary authorizations. Specifically, in the *Cooper* matter, a total of 59 requests have been sent to providers beginning May 20, 2022, with the most recent request having been sent on August 16, 2022. Of those 59 requests, 25 have received responses and are complete, and 34 are currently outstanding awaiting a response or are on hold awaiting proprietary authorizations or subpoena. In the *Jordan* matter, a total of 57

requests have been sent to providers beginning on May 20, 2022, with the most recent request having been sent on August 16, 2022. Of those 57 requests, 36 have received responses and are complete, and 21 are currently outstanding awaiting a response. As recently as August 16, 2022, Defendant has continued to provide Plaintiff with medical record authorization release forms for execution. Thus, a few additional proprietary authorizations still require execution.

Plaintiffs' counsel additionally sought informal discovery in November 2021 (prior to filing the Complaints) from the Georgia Environmental Protection Division about records it had related to Defendant's operations, including information compiled in connection with any previous open records requests related to EtO emissions from Defendant's facility. These efforts resulted in the Georgia EPD informally producing approximately 3,500 documents to Plaintiffs.

Defendant, similar to Plaintiffs, has endeavored to collect records from third party sources, primarily healthcare providers and regulatory agencies. Given the nature of Plaintiffs' disputed allegations, the volume of potentially responsive third-party records sought to address Plaintiffs' allegations and Bard's defenses is substantial. Defendant will produce records collected during the fact discovery period.

### C. Depositions

The Parties have not yet scheduled or taken any depositions. Plaintiffs currently plan to notice depositions once Defendant has substantially completed its document productions responsive to Plaintiffs' First Set of Requests for Production of Documents.

In letters dated April 21, 2022, Defendant informed Plaintiffs of its intent to take the deposition of Plaintiff Teresa Cooper and Plaintiff Clara Jordan upon receipt of Plaintiffs' supplemental responses and a sufficient collection of the decedents' medical and other records. A request to depose the Plaintiff in the *Anthony* matter has not yet been requested because, as noted above, Defendant has not yet received responses to its written discovery requests due to the death of Plaintiff Linda Anthony and ongoing efforts to substitute the plaintiff in the *Anthony* matter. Defendant is prepared to move forward promptly with these depositions to keep fact discovery moving.

Further, Defendant intends to immediately notify Plaintiffs Cooper and Jordan of its intent to depose certain treating physicians. Given Defendant's counsel's experience in other litigation, the scheduling of treater depositions, similar to the responsiveness to records requests, have been delayed as facilities are

transitioning into stages of reopening, contending with staffing shortages, or prioritizing activities concerning patient care.

### D. Conclusion

The parties have engaged in significant discovery and continue to press discovery efforts, but remaining record collection and depositions still have to take place. For that reason, the Parties seek an extension of the pretrial deadlines to allow adequate work up of the matters.

Respectfully submitted,

**CLARA JORDAN, on behalf of decedent CHARLES JORDAN; TERESA COOPER, on behalf of decedent GREGORY COOPER; and LINDA ANTHONY, on behalf of decedent ARTHUR ANTHONY,**

Dated: August 23, 2022

By: /s/ *Benjamin H. Richman*
      *One of Plaintiffs' attorneys*

Charles C. Bailey
Georgia Bar No. 626778
charlie.bailey@cookconnelly.com
C. Sutton Connelly
Georgia Bar No. 940353
sutton.connelly@cookconnelly.com
**COOK & CONNELLY, LLC**
750 Piedmont Ave. NE
Atlanta, GA 30308

Benjamin H. Richman*

        brichman@edelson.com
        Michael Ovca*
        movca@edelson.com
        **EDELSON PC**
        350 North Lasalle, 14th Floor
        Chicago, IL 60654

        *admitted *pro hac vice*

        *Attorneys for Plaintiffs*

Dated: August 23, 2022        By: /s/ *Lori G. Cohen*
           *One of Defendant's attorneys*

        Lori G. Cohen
        Georgia Bar No. 174455
        Sean P. Jessee
        Georgia Bar No. 940342
        **GREENBERG TRAURIG, LLP**
        Terminus 200
        3333 Piedmont Road NE,
        Suite 2500
        Atlanta, GA 30305
        Tel: (678) 553-2100
        Fax: (678) 553-2212
        cohenl@gtlaw.com
        jesses@gtlaw.com

        Enjoliqué A. Lett
        Georgia Bar No. 793165
        **GREENBERG TRAURIG, P.A.**
        333 S.E. 2nd Avenue,
        Suite 4400
        Miami, FL 33131
        Tel: (305) 579-0640
        lette@gtlaw.com

*Attorneys for Defendant*
*Becton, Dickinson and Company*

10

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

 I hereby certify that the foregoing document was prepared in Times New Roman, 14-point font, as provided by Local Rule 7.1D.

/s/ Benjamin H. Richman
Benjamin H. Richman

## **CERTIFICATE OF SERVICE**

    I, Benjamin H. Richman, an attorney, hereby certify that I caused to be served the above and foregoing ***Joint Status Report*** on all counsel of record by causing true and accurate copies of such paper to be filed through the Court's electronic filing system on August 23, 2022.

/s/ Benjamin H. Richman